**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| **JAMEKA ELEAZER,** § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.: 1:24-CV-777-DII |
| § | |
| **ORACLE AMERICA, INC.,** § | |
| Defendant. § | |

___

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

___

To: Plaintiff Jameka Eleazer, by and through its attorney of record, Matt Bachop of Deats Durst & Owen, PLLC, 8140 N Mopac Expy, Suite 4-250, Austin, TX 78759.

Defendant Oracle America Inc. ("Defendant" or "Oracle") serves on Plaintiff Jameka Eleazer ("Plaintiff" or "Eleazer") its Objections and Responses to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

By: /s/ Edward "Ted" Smith
    Edward "Ted" Smith

**CORNELL SMITH MIERL
BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Telecopy: (512) 328-1541

Edward "Ted" Smith
tsmith@cornellsmith.com
State Bar No. 00791682
Sarah Lancaster
slancaster@cornellsmith.com
State Bar No. 24092663

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 1, 2024, I served a copy of the foregoing via electronic mail to the following counsel of record:

      Matt Bachop
      mbachop@ddollaw.com
      Deats Durst & Owen, PLLC
      8140 N Mopac Expy
      Suite 4-250
      Austin, TX 78759
      Telephone: (512) 474 – 6200
      Facsimile: (512) 474 – 7896

                                                      */s/ Edward "Ted" Smith*
                                                      Edward "Ted" Smith

## **GENERAL OBJECTIONS TO INTERROGATORIES**

Defendant objects to the "Instructions" and "Definitions" sections of these requests to the extent that they purport or seek (1) the disclosure of information that is beyond the scope of discovery as provided by the Federal Rules of Civil Procedure (the "Rules"), the Local Rules of the Western District of Texas (the "Local Rules"), and/or any other applicable rule or court order, or (2) to impose a burden or requirement on Defendant in excess of those required by the Rules, the Local Rules, and/or any other applicable rule or court order.  Defendant will not comply with any instructions inconsistent with, or imposing a greater burden than, the Rules and Local Rules. By responding to these interrogatories, Defendant does not concede either the admissibility or the relevance of the information requested.

The following responses are based upon information and documents presently available to and located by Defendant Oracle as of the date hereof as a result of Oracle's reasonably diligent efforts. Oracle reserves the right to supplement its objections and responses to the interrogatories upon subsequent discovery of additional, non-privileged documents or evidence of additional facts.

**OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:** Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

>**OBJECTION:** Defendant objects to this interrogatory as it is overbroad, vague, and ambiguous. Specifically, the term "relevant facts" is vague and ambiguous as to what relevant facts are at issue.
>
>**ANSWER:** Subject to, and without waiving the foregoing objections, Defendant states that the persons with knowledge of relevant facts relating to Plaintiff's allegations and claims in this lawsuit and the issues upon which they have knowledge are contained in Defendant's Initial Disclosures and Defendant refers Plaintiff to Defendant's Initial Disclosures.

**INTERROGATORY NO. 2:** If Defendant is a partner, a partnership, or a subsidiary or affiliate of a publicly owned corporation that has a financial interest in the outcome of this lawsuit, list the identity of the parent corporation, affiliate, partner, or partnership and the relationship between it and Defendant. If there is a publicly owned corporation or a holding company not a party to the case that has a financial interest in the outcome, list the identity of such corporation and the nature of the financial interest.

>**ANSWER:** Oracle Corporation is Oracle America, Inc.'s parent and may have a financial interest in the lawsuit at issue.

**INTERROGATORY NO. 3:** If Defendant is improperly identified, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

>**ANSWER:** Not applicable – Defendant is correctly named.

**INTERROGATORY NO. 4:** If you contend that some other person or legal entity is, in whole or in part, liable to Plaintiff in this matter, identify that person or legal entity and describe in detail the basis of said liability.

> **ANSWER:** Defendant states that it denies that it is liable to Plaintiff in this matter and does not contend that some other person or legal entity is, in whole, or in part, liable to Plaintiff in this matter.

**INTERROGATORY NO. 5:** Identify all people who made a recommendation or decision concerning the termination of Plaintiff's employment with Defendant.

> **OBJECTION:** Defendant objects to this interrogatory as it is overbroad, vague, and ambiguous. Specifically, the term "recommendation" is undefined and without specific meaning in the context of this interrogatory. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or work product privileges.
>
> **ANSWER:** Subject to, and without waiving the foregoing objections, Defendant states that Garrett Miller and Nicole Levitt made the decision to terminate Plaintiff's employment with Defendant, with approval from Mr. Miller's management line and Defendant's Human Resources management line that oversaw Plaintiff.

**INTERROGATORY NO. 6:** For each written or oral internal complaint, administrative charge, claim, or lawsuit filed or made from January 1, 2014, until the present day, against Defendant, by or on behalf of an employee alleging retaliatory or racially discriminatory adverse employment action in which any person identified in response to Interrogatory 5 made a recommendation or decision concerning the adverse employment action, please state:

> 1. The full names of all parties;

5

2. The Court in which it was filed, if any;

3. The cause number;

4. The name, address and telephone number of all counsel of record; and/or

5. Whether it is pending or concluded.

**OBJECTION:** Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or work product privileges. Defendant further objects that this interrogatory is impermissibly overbroad and therefore unduly burdensome and disproportionate to the needs of the case because it is not reasonably limited in time or scope, and seeks information that is not relevant to Plaintiff's claims in this lawsuit. Defendant further objects to this request because it is vague and ambiguous as to what is meant by the terms "claim" and "complaint," which lack specificity and do not adequately identify the information requested.

**ANSWER:** Subject to, and without waiving the foregoing objections, none.

**INTERROGATORY NO. 7:** Please identify the employee who replaced Plaintiff, and the date on which the replacement occurred.

**OBJECTION:** Defendant objects to this interrogatory as it is vague and ambiguous. Specifically, the term "replaced" is undefined and without specific meaning in the context of this interrogatory.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant answers that there was no direct replacement of Plaintiff's position because there was a reorganization that occurred around the same time Plaintiff was terminated which caused territory re-alignment and Plaintiff's territory to no longer exist.

**INTERROGATORY NO. 8:** Identify the principal or material facts that support the statement in Paragraph II.5 of Defendant's Original Answer that Defendant "exercised reasonable care to prevent and promptly and appropriately correct any unlawful discriminatory or retaliatory behavior and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities which Defendant provided, or to otherwise avoid harm."

> **OBJECTION:** Defendant objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant further objects that this interrogatory is premature because it improperly demands Defendant to marshal all of its evidence before trial and prior to discovery being completed, which is not required by applicable law.
>
> **ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that in April 2023, Defendant asked Plaintiff for specific examples of any racism she experienced in the workplace, however Plaintiff only referred to prior experience that was appropriately addressed by Defendant and was unable to provide any recent examples of any discrimination she had experienced while being supervised by Garrett Miller. Then, over a year later, on June 12, 2024, Plaintiff filed her lawsuit alleging that she had been discriminated against on the basis of her race. Accordingly, Defendant contends that Plaintiff had knowledge of the purported discrimination against her but did not assert specific complaints with respect to such alleged discrimination during her employment even though Defendant specifically asked for examples of such alleged conduct.

**INTERROGATORY NO. 9:** Identify the principal or material facts that support Defendant's laches defense.

**OBJECTION:** Defendant objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant further objects that this interrogatory is premature because it improperly demands Defendant to marshal all of its evidence before trial and prior to discovery being completed, which is not required by applicable law.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to its answer to Interrogatory No. 8.

**INTERROGATORY NO. 10:** Identify the principal or material facts that support Defendant's waiver defense.

**OBJECTION:** Defendant objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant further objects that this interrogatory is premature because it improperly demands Defendant to marshal all of its evidence before trial and prior to discovery being completed, which is not required by applicable law.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to its answer to Interrogatory No. 8.

**INTERROGATORY NO. 11:** Identify the principal or material facts that support Defendant's estoppel defense.

**OBJECTION:** Defendant objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant further objects that this interrogatory is premature

because it improperly demands Defendant to marshal all of its evidence before trial and prior to discovery being completed, which is not required by applicable law.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to its answer to Interrogatory No. 8.

**INTERROGATORY NO. 12:** Identify all claims in this lawsuit that Defendant claims "may be subject to final and binding arbitration," as stated in Paragraph II.12 of Defendant's Original Answer.

**OBJECTION:** Defendant objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant further objects that this interrogatory is premature because it improperly demands Defendant to marshal all of its evidence before trial and prior to discovery being completed, which is not required by applicable law.

**INTERROGATORY NO. 13:** Identify the principal or material facts that support the Defendant's after-acquired evidence defense.

**OBJECTION:** Defendant objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant further objects that this interrogatory is premature because it improperly demands Defendant to marshal all of its evidence before trial and prior to discovery being completed, which is not required by applicable law.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it appears the amount of time off Plaintiff submitted to Oracle for approval does not match up with the amount of time Plaintiff claims she did not work in 2023. Defendant

states that it is still investigating the matter, but if Plaintiff took time off without properly submitting a time off request, she may have been subject to disciplinary action.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | |
|---|---|
| **JAMEKA ELEAZER,** § | |
| Plaintiff, § | |
| § | |
| v. § | **Civil Action No.: 1:24-CV-777-DII** |
| § | |
| **ORACLE AMERICA, INC.,** § | |
| Defendant. § | |

## DECLARATION OF RICHARD ALLISON

My name is Richard Allison. Pursuant to 28 U.S.C. § 1746, I declare that I have read the answers contained in the above and foregoing responses to the preceding interrogatories, that I am the Executive Vice President, Global Practices and Risk Management of Oracle America, Inc., that I am authorized to make the foregoing responses on behalf of Oracle America, Inc. and that all factual statements contained in said document are true and correct within my personal knowledge. I declare under penalty of perjury that the foregoing is true and correct.

Executed in ___San Mateo___ County, State of ___California___, on the 1st day of November, 2024.

By: _Richard Allison_ (Signed by: B3D31CFA5A1E47A...)
RICHARD ALLISON

11

**DocuSign**

## Certificate Of Completion

Envelope Id: DA683216A6624E3594E95AF88DE9F96C  Status: Completed
Subject: Complete with Docusign: 2024 11 01 FINAL Def's Resp to Ps ROGs (Eleazer).pdf
Sales Rep Letter FY25:
Source Envelope:

| | | |
|---|---|---|
| Document Pages: 11 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 1 | Initials: 0 | Meredith Jugoz |
| AutoNav: Enabled | | 500 Oracle Pkwy |
| EnvelopeId Stamping: Disabled | | Redwood City, CA 94065-1675 |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | meredith.jugoz@oracle.com |
| | | IP Address: 129.145.50.1 |

## Record Tracking

Status: Original
          11/1/2024 11:45:57 AM

Holder: Meredith Jugoz
          meredith.jugoz@oracle.com

Location: DocuSign

| **Signer Events** | **Signature** | **Timestamp** |
|---|---|---|
| Richard Allison<br>richard.allison@oracle.com<br>Executive Vice President<br>Security Level: Email, Account Authentication (None) | Signed by:<br>*Richard Allison*<br>B3D31CFA5A1E47A...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 73.189.26.176 | Sent: 11/1/2024 11:52:17 AM<br>Viewed: 11/1/2024 11:59:41 AM<br>Signed: 11/1/2024 12:00:11 PM |
| **Electronic Record and Signature Disclosure:**<br>     Not Offered via DocuSign | | |

| **In Person Signer Events** | **Signature** | **Timestamp** |
|---|---|---|

| **Editor Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Agent Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Intermediary Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Certified Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Carbon Copy Events** | **Status** | **Timestamp** |
|---|---|---|

| **Witness Events** | **Signature** | **Timestamp** |
|---|---|---|

| **Notary Events** | **Signature** | **Timestamp** |
|---|---|---|

| **Envelope Summary Events** | **Status** | **Timestamps** |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 11/1/2024 11:52:17 AM |
| Certified Delivered | Security Checked | 11/1/2024 11:59:41 AM |
| Signing Complete | Security Checked | 11/1/2024 12:00:11 PM |
| Completed | Security Checked | 11/1/2024 12:00:11 PM |

| **Payment Events** | **Status** | **Timestamps** |
|---|---|---|